QUESTIONS: 1. Are a husband and wife who otherwise meet the statutory requirements to qualify for homestead exemption from ad valorem taxes entitled to the exemption when the land on which their mobile home is located and in which they reside is titled in a corporation whose stock is owned by the husband and wife and other mobile home owners who likewise reside on said land? 2. If the answer to question 1 is in the affirmative, then should the land be listed and assessed on the tax roll to the corporation or to the owners of the stock in the corporation? 3. May an "RP" license tag be issued to the husband and wife for their mobile home when the land the mobile home is located on is titled in a corporation whose stock is owned by the husband and wife and other mobile home owners who likewise reside on said land?
SUMMARY: A husband and wife otherwise meeting the statutory requirements to qualify for the homestead tax exemption and whose mobile home is permanently affixed to the realty may nevertheless qualify for the homestead tax exemption pursuant to Art. VII, s. 6, State Const., even though the land on which their mobile is located is titled in a corporation, if they own stock in the corporation representing a proportionate interest in the fee. The proportionate interest of the stockholder in the realty should be listed and assessed on the tax roll to that stockholder because that stockholder is deemed to be the owner of the proportionate interest for ad valorem tax purposes pursuant to Art. VII, s. 6. The tax collector may issue an "RP" license tag to a husband and wife for their mobile home even though the land on which the mobile home is located is titled in a corporation but only when the husband and wife own stock in the corporation representing their proportionate interest in the fee. In essence you indicate that the mobile home trailer park in question is owned by a corporation which sells a share of the corporation to a mobile home owner that entitles the owner to occupy a mobile home site on the land. Of the 69 shares of the corporation representing sites or lots, only four have not been sold. I am assuming the husband and wife are otherwise entitled to the homestead exemption and that the mobile home is permanently affixed to the realty and is their permanent home. See AGO's 074-115, 072-74, and 071-213. Your first question is answered in the affirmative. Your second question is answered in that the proportionate interest of the stockholder in the realty should be listed and assessed on the tax roll to that stockholder. Your third question is answered in that the tax collector may issue an "RP" license tag to the husband and wife for their mobile home even though the land on which the mobile home is located is titled in a corporation whose stock is owned by the husband and wife and other mobile home owners who reside thereon. Article VII, s. 6, State Const., is the source of the homestead exemption from ad valorem taxation and provides in pertinent part as follows: (a) Every person who has the legal or equitable title to real estate and maintains thereon the permanent residence of the owner, . . . shall be exempt from taxation thereon, . . . up to the assessed valuation of five thousand dollars, upon establishment of right thereto in the manner prescribed by law. The real estate may be held by legal or equitable title, by the entireties, jointly, in common, as a condominium, or indirectly by stock ownership or membership representing the owner's or member's proprietary interest in a corporation owning a fee or a leasehold initially in excess of ninety-eight years. (b) . . . No exemption shall exceed the value of the real estate assessable to the owner or, in case of ownership through stock or membership in a corporation, the value of the proportion which his interest in the corporation bears to the assessed value of the property. (Emphasis supplied.) In like terms s. 196.031(1), F.S., provides in pertinent part as follows: Every person who has the legal title or beneficial title in equity to real property in this state and who resides thereon and in good faith makes the same his or her permanent home, . . . shall be entitled to an exemption from all taxation, . . . up to the assessed valuation of five thousand dollars. . . . [S]aid exemption may be apportioned among such of the owners as shall reside thereon, as their respective interests shall appear, but no such exemption of more than five thousand dollars shall be allowed to any one person or any one dwelling house, . . . nor shall the amount of the exemption allowed any person exceed the proportionate assessed valuation based on the interest owned by such person. (Emphasis supplied.) Thus, the claimant husband and wife may receive the homestead ad valorem tax exemption even though they only own stock in the corporation or membership representing their proprietary interest in the corporation which corporation owns the fee pursuant to the abovequoted terms of Art. VII, s. 6, State Const. Cf., AGO's 074-111 and 071-19 and ss.196.031(2) and 196.041, F.S. This was not the case under the Constitution of 1885, which contained no provision for allowing the homestead tax exemption where the claimant's interest was that of stock in a corporation. See Feb. 18, 1947, Biennial Report of the Attorney General, 1947-1948, p. 196, AGO's 056-22, 061- 55, and 061-113. As noted by the Commentary to Art. VII, s. 6, supra: . . . The title may be either legal or equitable. It can be held by the entireties, jointly, in common or indirectly. The indirect ownership can be by stock ownership or membership representing the owner's or member's proprietary interest in a corporation. The corporation's interest must be either in fee or as a leasehold interest initially in excess of 98 years. (Emphasis supplied.) [(See) 26A Fla. Statutes Annotated, p. 111.] Your first question is therefore answered in the affirmative. Your second question asks whether such property as above described should be assessed in the name of the stockholder or the titleholdercorporation. Section 193.085(1), F.S., provides in pertinent part: "The tax assessor shall insure that all real property within his county is listed and valued on the real property assessment roll. . . ." Section 193.114(2), F.S., provides in pertinent part: The department shall promulgate regulations and forms for the preparation of the real property assessment roll to reflect: * * * * * (e) The owner or fiduciary responsible for payment of taxes on the property. . . . As noted above, the holder of the stock certificate is deemed to be an "indirect owner" of the proportionate part of the fee for ad valorem tax purposes. I am therefore of the view that such "indirect ownership" of the proportionate interest for ad valorem tax purposes reasonably supports the conclusion that the proportionate interest entitled to the homestead exemption should be listed and assessed on the tax roll to the owner of the stock certificate representing same. Cf., AGO 071-19, s. 196.041, F.S., and Rule 12B-1.202(4)(D)(2)(d), Florida Administrative Code, which provides as to the analogous situation involving apartment buildings: A tenant-stockholder . . . who is entitled solely by reason of his ownership of stock or membership in the corporation to occupy for dwelling purposes an apartment in a building owned by the corporation, for the purpose of homestead exemption from ad valorem taxes, is deemed to have beneficial title in equity to said apartment and a proportionate share of the land on which the building is situated. (Emphasis supplied.) Your third question asks if an "RP" tag can be issued to the husband and wife for their mobile home when the land the mobile home is located on is titled in a corporation whose stock is owned by the husband and wife and other mobile home owners who likewise reside thereon. Section 320.0815, F.S., provides in pertinent part as follows: . . . Mobile homes or recreational vehicles which are permanently affixed to the land and taxed as real property shall be issued "RP" series license plates. Series "RP" plates shall be provided by the department of highway safety and motor vehicles to the tax collector and issued by the tax collector . . . upon the registered owner's production of a certificate of the respective tax assessor that such mobile home is included in an assessment of the property of such registered owner for ad valorem taxation. . . . (Emphasis supplied.) Section 320.015, F.S., provides in pertinent part as follows: A mobile home, as defined in s.320.01(2), regardless of its actual use, shall be subject only to a license tax unless classified and taxed as real property. A mobile home is to be considered real property only when the owner of the mobile home is also the owner of the land on which the mobile home is situated and said mobile home is permanently affixed thereto. . . . (Emphasis supplied.) As above discussed in question 2 for ad valorem tax purposes, the stockholder owning a proportionate interest in the fee held by the corporation is deemed to be the owner of the proportionate interest. Therefore, it is my opinion that such "ownership" by the stockholder likewise falls within the ownership requirement of s. 320.015, supra, so that the stockholder is entitled to an "RP" license tag for the mobile home due to its indirect ownership of the land on which the mobile home is affixed.